IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEXANDER ANTHONY VELASQUEZ,

    Petitioner,

v.                                                   No. 23-cv-0198-DHU-KBM

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,[1]

    Respondent.

## ORDER TO ANSWER

This matter is before the Court on Petitioner Alexander Anthony Velasquez's *pro se* 28 U.S.C. § 2241 habeas corpus petition (Doc. 1) (Petition). Petitioner was convicted in New Mexico's Second Judicial District Court and is currently incarcerated in a North Carolina state prison pursuant to an interstate compact. He alleges the New Mexico Corrections Department (NMCD) refuses to apply presentence confinement credit in accordance with his state judgment. Petitioner further alleges NMCD has improperly calculated his release date because, according to New Mexico law and the plea agreement, he is only required to serve 85% of his sentence. The Petition attaches the NMCD good time figuring sheet, which reflects a release date of April 10, 2032. *See* Doc. 1 at 19.

Ordinarily, habeas challenges to the execution of a sentence are adjudicated in the district of confinement, and the petitioner's warden is named as party respondent. *See Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011). However, the warden of the North Carolina prison

---

[1] Pursuant to local custom and agreement of the parties, the Attorney General responds to each state habeas petition in New Mexico. The Court therefore adds the Attorney General as a party respondent, and the Clerk's Office shall note this inclusion on the record.

does not appear to "exercise[ ] legal control with respect to the challenged 'custody.'" *Wildermuth v. Key*, 2017 WL 4805174 at *2 (D. Colo. Oct. 24, 2017) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The good time sheet attached to the Petition reflects NMCD is calculating Petitioner's sentence credits and release date. In such circumstances, courts have declined to transfer the § 2241 petition to the district of confinement. *See Wildermuth*, 2017 WL 4805174 at *2 (Colorado district court assumed jurisdiction over § 2241 petition where "Colorado state prisoner … is currently incarcerated in a Washington state prison pursuant to an interstate compact"); *Holder v. Curley*, 749 F. Supp. 2d 644, 647 (E.D. Mich. 2010) (noting petitioner's "'true custodian' is the Pennsylvania Department of Corrections and that "[t]he only connection between Petitioner's Pennsylvania state-court conviction and Michigan is that Petitioner is housed in Michigan pursuant to a contractual agreement."); *Williams v. Miller–Strout*, 2006 WL 3147667 at *1 and n. 2 (M.D. Ala. 2006) (concluding petitioner incarcerated in Washington pursuant to an interstate compact was under the custody and control of the Alabama Department of Corrections, and that the Alabama Board of Pardons and Parole "directly controls whether Petitioner remains in custody").

Based on this authority, the Court declines to *sua sponte* transfer the Petition to another judicial district as part of the initial screening. Respondent Attorney General of New Mexico (AG) must answer the Petition within sixty (60) days of entry of this Order. If the AG believes the Petition must be adjudicated in the Western District of North Carolina, where Petitioner is incarcerated, it may raise that issue in its answer. *See* 28 U.S.C. § 113(c) (noting W.D.N.C. includes Alexander County, where the Taylorsville prison is located).

Accordingly, it is **ORDERED** that the Clerk shall mail copies of this Order and the Petition

(**Doc. 1**) to Respondent Attorney General of the State of New Mexico (AG) at the following address:

> Attn: Federal Habeas Attorney(s)
> New Mexico Office of the Attorney General
> Criminal Appeals Division
> 201 Third St. NW, Suite 300, Albuquerque, NM 87102

It is **FURTHER ORDERED** that the (AG) shall answer the Petition within sixty (60) of entry of this Order. The answer must address the merits of the claims and whether the Petitioner has exhausted his state court remedies as to each federal issue. The answer may also address jurisdiction and venue, if the AG believes the claims should be adjudicated in another federal court. The AG must attach to its answer copies of any pertinent records from the prison and the state courts, together with copies of all memoranda filed by <u>both</u> parties in support of or in response to those filings. The AG must also attach to the answer copies of all state court post-conviction or appellate proceedings. The answer must describe the procedural history of any claim the AG contends is unexhausted and identify the State procedures that are currently available to Petitioner.

_____
UNITED STATES MAGISTRATE JUDGE