UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ALEXANDER ANTHONY VELASQUEZ,

    Petitioner,

v.                                                                                              Civ. No. 23-0198 DHU/GJF

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner Alexander Anthony Velasquez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241. [Doc. 1]. Velasquez states on the face of his Petition that he did not file a single state court appeal or seek a prison administrative remedy related to this matter. Thus, this Court RECOMMENDS the Petition be DENIED and this case DISMISSED WITHOUT PREJUDICE.

**I.    BACKGROUND**

On June 15, 2016, a state grand jury in Bernalillo County returned an indictment charging Velasquez with first-degree murder (Count 1); attempt to commit first-degree murder (Counts 2-4); kidnapping (Counts 5-9); aggravated burglary (Count 10); armed robbery (Count 11); abuse of a child (Count 12); shooting at or from a motor vehicle (Count 13); conspiracy to commit kidnapping and/or aggravated burglary and/or armed robbery (Count 14); and possession of a firearm by a felon (Count 15). [Doc. 7-1 at 1-10]. Velasquez was arrested the next day. [*Id*. at 11].

On June 20, 2019, with the assistance of counsel, Velasquez pled guilty to the following offenses, each with a firearm enhancement: second-degree murder (lesser included offense of Count 1), attempt to commit second-degree murder (lesser included offenses of Counts 2-4),

and aggravated burglary as charged (Count 10). [Doc. 7-1 at 12-13, 17]. In the Plea Agreement, Velasquez confirmed that he had read the agreement, discussed it with his attorney, and understood that he was facing 35-38 years of imprisonment and 2 years of parole. [*Id.* at 12-18]. Velasquez further acknowledged that if he was incarcerated on a "Serious Violent Offense[,]" New Mexico's Earned Meritorious Deductions Act would apply. *Id*. Velasquez confirmed he was entering the plea voluntarily. *Id.*

On October 29, 2019, the state district court entered a judgment and sentence committing Velasquez to the custody of the New Mexico Corrections Department (NMCD) for a total of 38 years of imprisonment with 1½ years suspended, for an actual 36½-year term of incarceration. [Doc. 7-1 at 21-22]. The court expressly designated Count 1 as a serious violent offense, see NMSA 1978, § 33-2-34(L)(4)(a), and ordered it to be served first, with Counts 2, 3, 4, and 10 running consecutively to it and to each other. [Doc. 7-1 at 21-22]. The court further specified that Velasquez was to receive credit "for 1225 days and for post-sentence confinement until delivery to the place of incarceration." [*Id*. at 22]. According to the record, the 1½-year suspension is to be deducted from the part of Velasquez's overall sentence that does not relate to the sentence for Count 1. [*See* Doc. 7-1 at 31].

On March 6, 2023, Velasquez filed his 28 U.S.C. § 2241 petition. In it, Velasquez admits that he has neither appealed from the judgment, [*see* Doc. 1 at 2], nor "filed any other petition, application, or motion about the issues raised in this petition." [*Id*. at 5]. Nevertheless, Velasquez argues to this Court that he has not received his 1,225 days of time served credit (Ground One), and the NMCD otherwise is miscalculating his sentence under the Earned Meritorious Deductions Act. (Grounds Two, Three, and Four). [*See id*. at 6-7].

## II. Applicable Law: § 2241 Exhaustion

A state petitioner challenging the *execution* of his sentence properly brings his claims pursuant to 28 U.S.C. § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citations omitted). To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

While § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to § 2241 to exhaust available state court remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). Exhaustion requires that a claim be pursued through "one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citation and quotations omitted). Said another way, "a state prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (unpublished). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). To that end, the exhaustion requirement is satisfied even if "the highest court exercises discretion not to review the case." *Id.*

"The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation omitted). If a petitioner fails to exhaust, this Court generally will dismiss the petition without prejudice. *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

### III.     ANALYSIS

The analysis in this case is very straightforward. Petitioner has not brought a single state court or prison administrative challenge related to this case. [Doc. 1 at 2-5]. Petitioner did not file a state court direct appeal or post-conviction challenge. *Id.* Thus, none of his grounds for relief can be considered properly exhausted, and his petition should be dismissed without prejudice. *Bland*, 459 F.3d at 1012.

### IV.     CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Velasquez's Petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**